HELEN F. SEWALL *et al.* vs. ZONING BOARD OF REVIEW OF THE TOWN OF BARRINGTON.

JUNE 20, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari to review the decisions of the zoning board of review of the town of Barrington, hereinafter called the board, denying the petitioners' appeals and applications for variances. We issued the writ and in response to the mandate thereof the board has certified the pertinent papers and records to this court.

It appears therefrom that Helen F. Sewall is the owner of four lots of land in the town of Barrington, lots 282, 283, 284 and 285 on assessor's plat No. 23. They constitute a single parcel bounded westerly by County Road, southerly upon the southerly arm of Mark Wood Drive, easterly by the DeStefano land and northerly by the property of Barrington District Nurses Association.

Running northerly from the intersection of Mark Wood Drive, lots 282 and 283 front for a distance of 108 feet on County Road. They extend easterly from said road 120

feet to lot 284, which fronts 50 feet on the northerly line of Mark Wood Drive and abuts the westerly line of lot 285, which fronts on said Mark Wood Drive for a distance of 42 feet. Lots 284 and 285 run northerly from Mark Wood Drive for a distance of 108 feet.

The four lots are located in a residence A zone in which the permitted uses are: a one-family detached dwelling, crop or tree farming and truck gardening, including the sale of only those products or commodities raised on the premises. Mrs. Sewall, however, has a two-family dwelling house on lot 282 fronting on County Road which constitutes a nonconforming use.

On January 8, 1959 she leased to the Sun Oil Company lots 282 and 283, excepting therefrom a 20-foot strip at the eastern end thereof abutting lot 284. The lease contemplates the eventual construction of a gasoline station which has not been a permitted use in any district since 1956.

Section 23 A 3(d) of the ordinance provides, "No nonconforming building or structure shall be moved in whole or in part to any other location on the lot unless every portion of such building or structure is made to conform to all the regulations of the zone in which it is located."

On April 1, 1960 Mrs. Sewall applied to the building inspector for a permit to build by relocating her two-family dwelling from lot 282 to lot 284, and in effect establishing a new lot consisting of lots 284, 285 and the 20-foot eastern strip of lots 282 and 283. This proposed combination would relocate the dwelling to a parcel fronting 112 feet on Mark Wood Drive and extending back therefrom for a depth of 108 feet, thus conforming to the ordinance requirement of 10,000 square feet and minimum front, rear and side yard standards. Continuing as a two-family dwelling, however, it would constitute a nonconforming use and the application was denied.

On the same date she joined with Sun Oil Company in an application to the building inspector for a permit to erect a gasoline station on the leased premises. This application was likewise denied and petitioners appealed in both instances to the board, as provided in G. L. 1956, §45-24-19.

The pertinent provisions of §45-24-19 are as follows: "a. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative officer in the enforcement of this chapter or of any ordinance adopted pursuant thereto." "c. To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The applications were heard together and petitioners properly contend that the appeals were taken in both the narrow meaning of an appeal from the ruling of the building inspector and the broader meaning of an appeal as an application to the board for a variance. *Ajootian* v. *Zoning Board of Review*, 85 R. I. 441.

The testimony of petitioners and that of their witnesses, together with voluminous exhibits, was offered to show a general change in the neighborhood from residential to commercial uses by exceptions and variances granted prior to a 1956 amendment of the ordinance. There was also testimony offered by realtors to the effect that such a change results in depreciating the market value for residential purposes of those residences which remain, and that petitioner Sewall's property would bring substantially less if sold for residential than it would if sold for commercial purposes.

Petitioner Sewall testified that, located as it is on heavily traveled County Road, access to and from her house has become increasingly dangerous for her children and that there is more noise and less privacy. She further testified that every offer made for the purchase of her home contemplated commercial uses, that she had never attempted to sell it as a residence, and that the portion of the premises not occupied by her is presently rented.

The record further discloses that in the opinion of one realtor the house as a residence together with lots 282 and 283 could be sold for $18,000 to $20,000, and lots 284 and 285 if sold for residential purposes would sell for about $6,000.

A representative of petitioner Sun Oil Company testified that due to expressways and the Wampanoag Trail his company has been losing customers in Barrington and must locate there to service the residents who hold credit cards.

Several remonstrants testified and their counsel cross-examined petitioners and their witnesses. These remonstrants objected for the usual reasons, that the granting of the applications would depreciate the value of surrounding property, add to the congestion, and increase the traffic hazard.

The board denied petitioner Sewall's appeal and application for a variance in the matter of relocating the two-family dwelling and, in effect, gave as their reason her failure to make out a case of hardship. The decision observes that the evidence counted on as establishing hardship relates more properly to conditions identified with the present site, and not as to the lots on which she wished to introduce a nonconformnig use. The board further found, and on the testimony of petitioner Sewall were entitled to find, that to authorize the variance would result in extending a nonconforming use even closer to an area composed of substantial homes. Summarizing their decision the board stated, "If Mrs. Sewall's petition is to be granted, it neces-

sarily follows that a non-conforming use in the form of a multiple dwelling will invade an area that is strictly residential, representing a step backward rather than a step forward in good zoning and protection of a residential area."

We cannot say that the decision of the board is arbitrary or an abuse of discretion. Indeed the testimony of one realtor that lots 284 and 285, on which the multiple dwelling would be relocated, could be sold for as much as $6,000 for the permitted residential use militates strongly against any finding of hardship. The petitioner contends, however, that she relies on the enabling act, and that the language therein contained is not merely hardship but "unnecessary hardship."

As we understand her contention in this regard, she appears to argue that by reason of the changes in the neighborhood depriving her of the most profitable use constitutes an unnecessary hardship. Such a contention is without merit. Nor is there merit in her contention that in the light of several amendments to the zoning ordinance since its adoption, and exceptions and variances granted pursuant to the ordinances in existence at the time, or by virtue of the enabling act, the denial of the instant appeal and application constitutes discrimination against her. Prescinding from the wisdom of previous exceptions or variances, the question remains whether she met the burden of establishing a hardship in the circumstances of her particular claim.

The board likewise denied what is referred to as the application of Sun Oil Company, but did so without prejudice. They gave as their reason that counsel conceded that the application of Sun Oil Company depended upon the granting of Mrs. Sewall's request for permission to relocate her dwelling as previously discussed. Counsel contends, however, that no such concession was made.

We are of the opinion that the board misconceived the nature of the so-called Sun Oil Company appeal. Both the application to the building inspector for a permit to construct and erect a gasoline service station and the appeal from his denial thereof were signed by Sun Oil Company as lessee and by Mrs. Sewall as owner of the property involved. As previously indicated there was before the board an appeal from the denial by the building inspector and an application for a variance apart from the appeal as such. It may well be that the question of a permit for the construction of the station was resolved by the denial of the companion appeal, but Mrs. Sewall's application for a variance was before the board for a definitive decision.

We are of the opinion, therefore, that in the matter of the petition of Helen Sewall and Sun Oil Company relating to the application for a variance for lots 282 and 283, the papers should be returned to the board so that they may determine, in the exercise of their discretion, whether the circumstances in this case are such that the enforcement of the ordinance will deprive petitioner Sewall of all beneficial use of her land and result in a complete confiscation thereof without compensation.

The petition for certiorari is granted insofar as it relates to the application of Helen Sewall and Sun Oil Company, and insofar as it relates to Helen Sewall's application to relocate her house it is denied and dismissed. The records are ordered returned to the board with direction to take further proceedings on the first-mentioned application in accordance with this opinion.

*Edwards & Angell, Gerald W. Harrington, Beverly Glenn Long,* for petitioners.

*Adler, Pollock & Sheehan, Bernard R. Pollock, Norman Jay Bolotow,* for respondent.